UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jessica Trumper,<br><br>                    Plaintiff,<br><br>v.<br><br>GE Capital Retail Bank; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: _____ |

# COMPLAINT

Plaintiff, Jessica Trumper, says by way of Complaint against Defendant, GE Capital Retail Bank, as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.      This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4.      The Plaintiff, Jessica Trumper ("Plaintiff"), is an adult individual residing in Pompton Plains, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(10).

5.     Defendant GE Capital Retail Bank ("GE"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(10).

6.     Does 1-10 (the "Agents") are individual employees and/or agents employed by GE and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.     GE at all times acted by and through one or more of the Agents.

## FACTS

8.     Beginning in early January of 2014, GE called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

9.     When Plaintiff answered the calls, GE used a prerecorded message requesting a call back from "Enid Gonzales".

10.    On at least two separate occasions, Plaintiff spoke with GE in an effort to get the calls to stop. Plaintiff advised GE that he was being called in error and directed GE to remove her number from the account and to cease all communications with her.

11.    When Plaintiff objected to the ongoing calls and was advised by a GE representative that it could not remove Plaintiff's number from the account without the account holder's permission.

12.    Thereafter, despite having been informed of the foregoing, GE continued to call Plaintiff at a repeated rate for successive days in a row.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Without Plaintiff's consent and over her objection, GE contacted the Plaintiff by using an automatic telephone dialing system and by using a prerecorded or artificial voice on her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

15. GE continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by GE was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from GE to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. GE's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to

liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

21. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy. Thus, the Defendant violated New Jersey state law.

22. The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

23. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

24. As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

25. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

B. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    C.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 25, 2014

                        Respectfully submitted,

                        By: /s/ Sofia Balile

                        Sofia Balile, Esq.
                        Lemberg & Associates LLC
                        1100 Summer Street
                        Stamford, CT 06905
                        Phone: (917) 981-0849
                        Fax:    (888) 953-6237