UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSICA TRUMPER,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**GE CAPITAL RETAIL BANK; and DOES 1-10, inclusive,**<br><br>    **Defendants.** | Civ. No. 2:14-cv-01211 (WJM)<br><br>**OPINION** |

# WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Jessica Trumper alleges that she received unsolicited calls from Defendant GE Capital Retail Bank ("GE"), in violation of the Telephone Consumer Protection Act. GE moves to dismiss Trumper's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, GE's motion is **GRANTED**.

The Amended Complaint alleges as follows: Beginning in early January 2014, Plaintiff Jessica Trumper received calls on her cellular phone. Am. Compl. ¶ 8, ECF No. 11. The calls were placed from two telephone numbers that are assigned to or used by GE. *Id.* ¶ 10. When Plaintiff answered the phone, the caller advised that the call was for Enid Gonzales. *Id.* ¶ 11. Plaintiff alleges that the voice on the other end of the line was prerecorded or artificial. *Id.* In the alternative, Plaintiff alleges that the calls were placed by an automated telephone dialer system. *Id.* ¶ 8.

On at least two separate occasions, Trumper called GE, explained that she was not Enid Gonzales, and asked that GE stop calling. *Id.* ¶ 12. A GE representative told Trumper that it could not remove her number from the Enid Gonzales account without the consent of Enid Gonzales. *Id.* ¶ 13. After Trumper filed a complaint with GE, GE continued to call "at a repeated rate for successive days in a row." *Id.* ¶¶ 14-17.

On February 25, 2014, Trumper filed a two-count Complaint against GE. ECF No. 1. Count 1 alleged a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Count 2 alleged common law invasion of privacy by intrusion upon seclusion. After GE moved to dismiss, Trumper withdrew her common law count and filed a one-count Amended Complaint, again asserting violations of the TCPA. ECF No. 11. On June 13, 2014, GE moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13.

1

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To comply with Federal Rule of Civil Procedure 8(a), factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

GE argues that Trumper's TCPA claim fails under *Twombly* and *Iqbal*. The Court agrees. The TCPA prohibits certain calls that are made using an "automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). Under the statute, an automatic telephone dialing system means "equipment which has the capacity to (A) store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). GE argues that Trumper's TCPA claim fails under *Twombly* and *Iqbal* because Trumper makes only conclusory allegations that GE placed calls using an automatic telephone dialing system or an artificial or prerecorded voice. This argument is well taken. The Amended Complaint says nothing about the calls Trumper received, save that the caller was looking for Enid Gonzales. Notably, the Amended Complaint provides no factual allegations suggesting that that the voice on the other end of the line was prerecorded. As such, this case is unlike *Connelly v. Hilton Grand Vacations Co., LLC*, No. 12-cv-599, 2012 WL 2129364, at *1 (S.D. Cal. June 11, 2012), which denied a motion to dismiss a TCPA claim where the plaintiff alleged that "[t]he calls had a delay prior to a live person speaking to Plaintiffs or did not even transfer to a live person (resulting in silence on the other end of the phone) . . . ." Also, while the Amended Complaint takes the position that the calls were placed using an automatic telephone dialing system—a random number or sequential number generator—it appears that the calls were directed at Enid Gonzales, who apparently has an account with GE. Accordingly, it appears that the calls were not random. As such, the Court will **GRANT** the motion to dismiss.

In other circumstances, the Court might dismiss the Amended Complaint without prejudice. In this case, however, Plaintiff has already amended her pleading once, and

despite being given a second bite at the apple, she has been unable to cure the deficiencies in her original Complaint. This suggests that further amendment would be futile. Accordingly, the dismissal will operate **WITH PREJUDICE**. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."). An appropriate order follows.

          /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 7, 2014**